IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HENRY S. WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | 8:02cv423 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| JOE BAUDLER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on filing no. 69, the Motion for Summary Judgment filed by the defendant, Joe Baudler, and filing no. 74, the Motion to Deny Summary Judgment filed by the plaintiff, Henry Webb. The defendant is a police officer employed by the City of Omaha, Nebraska, and the events at issue took place in the detention area of the Omaha Central Police Station on August 23, 2002, after the plaintiff's arrest. In previous decisions in the case, the scope of this matter has been limited to the plaintiff's claim for damages against Officer Baudler, in Baudler's individual capacity only, for excessive force during the post-arrest booking of the plaintiff. Because of the motions for and against summary judgment, there is a factual record which includes a videotape and photographs as well as written material.

**Summary Judgment Standard**

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327(1986). With respect to a motion for summary judgment, the court must examine the record in the light most favorable to the nonmoving party. See, e.g., Woods v. DaimlerChrysler Corp., 409 F.3d 984, 990 (8th Cir. 2005) ("Summary

judgment is appropriate if viewing the record in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.").

The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. at 323. In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis in original). A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." Id. at 586.

"[T]he mere existence of some alleged factual dispute between the parties is not sufficient by itself to deny summary judgment as a matter of law .... Instead, 'the dispute must be outcome determinative under prevailing law.'" Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992) (citations omitted). Accord Dico, Inc. v. Amoco Oil Co., 340 F.3d 525, 529 (8th Cir. 2003). "If the evidence is merely colorable ... or is not sufficiently probative ... summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

When reviewing the record in connection with a motion for summary judgment, the court may not weigh the evidence, determine credibility, or decide the truth of any factual matter in dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249; Tatum v. City of Berkeley, 408 F.3d 543, 549 (8th Cir. 2005). However, the court may consider only those

materials which are admissible or usable at trial. See, e.g., Mays v. Rhodes, 255 F.3d 644, 648 (8th Cir. 2001): "While we review the record in the light most favorable to [the nonmoving party], we do not stretch this favorable presumption so far as to consider as evidence statements found only in inadmissible hearsay." Accord Erickson v. Farmland Industries, Inc., 271 F.3d 718, 727-28 (8th Cir. 2001) (unsworn out-of-court statements were hearsay and, as such, could not be considered at the summary judgment stage of the plaintiff's age discrimination case). In addition, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. at 249.

## Fourth Amendment

Because, when the plaintiff's claim arose, he was still in the custody of the arresting officer, having never left that custody, and the events occurred soon after the actual arrest, Fourth Amendment standards apply to the plaintiff's claim of excessive force during the booking process. See Whiting v. Tunica County, 222 F. Supp.2d 809, 823 (N.D. Miss. 2002). Accord Phelps v. Coy, 286 F.3d 295, 300-01 (6th Cir. 2002) (the Fourth Amendment governed an excessive force claim by an arrestee who suffered a beating while in the process of being booked by arresting officers), cert. denied, 537 U.S. 1104 (2003). "We have explicitly held that the Fourth Amendment reasonableness standard governs throughout the seizure of a person: '[T]he seizure that occurs when a person is arrested continues throughout the time the person remains in the custody of the arresting officers.'" Id., 286 F.3d at 300 (citation omitted).

As to excessive force, see generally Littrell v. Franklin, 388 F.3d 578, 583-84 (8th Cir. 2004):

3

> We analyze excessive force claims related to arrests under the Fourth Amendment. E.g., Graham v. Connor, 490 U.S. 386, 395 (1989). To establish a constitutional violation under the Fourth Amendment's right to be free from excessive force, "the test is whether the amount of force used was objectively reasonable under the particular circumstances." Greiner v. City of Champlin, 27 F.3d 1346, 1354 (8th Cir. 1994). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396 .... The Supreme Court has instructed, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation." Id. at 396-97 .... "Circumstances such as the severity of the crime, whether the suspect posed a threat to the safety of the officers or others, and whether the suspect was resisting arrest are all relevant to the reasonableness of the officer's conduct." Foster v. Metro. Airports Comm'n, 914 F.2d 1076, 1081 (8th Cir. 1990). "In addition to the circumstances surrounding the use of force, we may also consider the result of the force." Crumley v. City of St. Paul, Minn., 324 F.3d 1003, 1007 (8th Cir. 2003); Patzner v. Burkett, 779 F.2d 1363, 1371 (8th Cir. 1985) (stating that, in considering the reasonableness of force used, the extent of any resulting injuries is relevant).

### Qualified Immunity

The defendant claims qualified immunity for his role in the incident. A government employee, sued for damages in the employee's individual capacity under 42 U.S.C. § 1983, is entitled to qualified immunity unless the plaintiff shows that the official violated a "clearly established" federal or constitutional right of the plaintiff. For a right to be considered "clearly established," the plaintiff must demonstrate that a reasonable person would have known: (a) of the plaintiff's right and (b) that the conduct at issue violated the plaintiff's right. See Anderson v. Creighton, 483 U.S. 635, 639-40 (1987): "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. at 640. "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held

unlawful ... but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Id. (citations omitted).

As explained in Hope v. Pelzer, 536 U.S. 730 (2002), a government employee charged with the federal criminal offense of willfully and under color of law depriving a person of constitutional rights, under 18 U.S.C. § 242, is entitled to "fair warning" that the conduct in question would deprive the victim of a constitutional right. Id. at 739-40. The "fair warning" requirement of 18 U.S.C. § 242 is identical to the qualified immunity standard for a civil damages action under 42 U.S.C. § 1983. Id. at 740-41. Thus, the "salient question" is whether the state of the law when the defendant acted gave the defendant "fair warning" that his conduct was unconstitutional. Id. at 741.

Qualified immunity is the norm. "[The plaintiff's] burden is not easily discharged: 'That qualified immunity protects government actors is the usual rule; only in exceptional cases will government actors have no shield against claims made against them in their individual capacities.'" Foy v. Holston, 94 F.3d 1528, 1532 (11th Cir. 1996) (citation omitted). "Stated another way, qualified immunity shields a defendant from suit if he or she could have reasonably believed his or her conduct to be lawful 'in light of clearly established law and the information [that the defendant] possessed .... The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law."'" Smithson v. Aldrich, 235 F.3d 1058, 1061 (8th Cir. 2000).

The summary judgment record contains affidavits by the defendant and Officers Troy Kister and Craig Wylie, all of whom participated in subduing the plaintiff when the plaintiff became uncooperative and attempted to leave the interview room in the detention

5

area of the police station. The officers each testify that no strikes or kicks were delivered by any of them, and that they wrestled the plaintiff to the floor and handcuffed him when the plaintiff resisted the defendant's efforts to keep the plaintiff in the interview room. The videotape and photographs of the incident are consistent with the officers' accounts.[1] According to the defendant, the plaintiff appeared highly intoxicated at the time. The plaintiff has not denied that allegation. While the plaintiff protests the accuracy of the videotape and the photographs, he has not submitted any admissible evidence of his own to contradict the version of events presented by the defendant's evidence.

As the threshold inquiry for a summary judgment motion based on qualified immunity, the court considers whether, taken in the light most favorable to the party asserting the injury, the facts alleged show that the defendant's conduct violated a constitutional right. Brosseau v. Haugen, 125 S.Ct. 596, 598 (2004); Craighead v. Lee, 399 F.3d 954, 961 (8th Cir. 2005); McVay ex rel. Estate of McVay v. Sisters of Mercy Health System, 399 F.3d 904, 907 (8th Cir. 2005). "If those facts, once established, would not amount to a constitutional violation, the inquiry ends." McVay, 399 F.3d at 908.

"'On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established.'" Id., *citing* Saucier v. Katz, 533 U.S. 194, 201 (2001). "In determining whether a right is clearly established, we ask 'whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" Frye v. Kansas City

---

[1] The Detention Manager of the police station has filed an affidavit explaining, and vouching for the accuracy of, the photographs, the videotape and the diagram of the detention area which the defendant has submitted as exhibits in support of his summary judgment motion.

6

Missouri Police Dept., 375 F.3d 785, 789 (8th Cir. 2004) (citation omitted). "A right is clearly established when that right is so clear that a reasonable official would understand that what he is doing violates that right." Craighead, 399 F.3d at 962. "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." Saucier v. Katz, 533 U.S. at 202.

Claims of excessive force are to be judged under the Fourth Amendment's "objective reasonableness" standard. Brosseau, 125 S.Ct. at 598. "'[T]he question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" Craighead, 399 F.3d at 961, *quoting* Graham v. Connor, 490 U.S. 386, 396 (1989). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham v. Connor, 490 U.S. at 397.

The defendant is entitled to qualified immunity in this case because all of the admissible evidence in the record indicates that the degree of force used to subdue the plaintiff and to overcome the plaintiff's resistance was objectively reasonable in the circumstances. The only evidence in the record indicates that the defendant and the two other officers used a degree of force no greater than necessary to restrain the plaintiff when the plaintiff, intoxicated at the time, determined he would leave the interview room in the booking area and resisted the defendant's efforts to restrain him from leaving. Cf. Graham v. Connor, 490 U.S. at 396 (An arrest necessarily carries with it the legal authority to use reasonable force to accomplish the arrest.). The entire episode lasted only a few

minutes. The plaintiff's claim that the defendant used excessive force in this case is unsupported by the record.

*Even if* a factual issue could be considered to exist regarding the legality of the degree of force used to restrain the plaintiff, nevertheless, the plaintiff's right not to be subjected to the degree of force employed was not "clearly established" in the circumstances. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. at 202. If the degree of force used to restrain the plaintiff when he tried to leave the detention area could be considered unreasonable in the context of this case, a reasonable officer in the defendant's circumstances would not have known so. The defendant's Motion for Summary Judgment will be granted on the basis of qualified immunity.

THEREFORE, IT IS ORDERED:

1. That filing no. 69, the Motion for Summary Judgment filed by the defendant, Joe Baudler, is granted;

2. That filing no. 67, the plaintiff's Motion for Sanctions and Completeness, and filing no. 74, the plaintiff's Motion to Deny Summary Judgment, are denied; and

3. That a separate judgment will be entered accordingly.

DATED this 8th day of August, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge